**KUBICK, Admr v CLEVE RY CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9095. Decided Jan 14, 1929

Boer, Arnold & Tobias, Cleveland, for Kubick.
Squire, Sanders & Dempsey, Cleveland, for Ry Co.

Middleton, PJ and Mauck, J of the 4th

Dist and Farr, J of the 7th Dist sitting.

**MAUCK, J**

There was testimony in the case that the trial court could not ignore tending to establish the negligence of the defendant. There was also testimony raising such a presumption of the negligence of the plaintiff that the court would have been warranted in taking the case from the jury unless the plaintiff made a case under the doctrine of the last clear chance.

We give to the plaintiff's case the most favorable interpretation of the evidence when we say that the plaintiff drove his car upon the south track of the defendant's railway where the car stopped for a moment; that thereafter, in some way, the car moved across the space between the two tracks and on to the north track, and there became stalled; that at that time the train of defendant was five hundred feet from the crossing, travelling at an excessively high speed; and that the motorman had discovered the peril of the plaintiff when still five hundred feet from him. There was testimony indicating that the speed of the train had not perceptibly abated at the time it reached the crossing, but there was no testimony that the motorman had not applied his brake, and not a particle of testimony tending to show that if he had done anything that he did not do, the collision would have been avoided.

The doctrine of the last clear chance is not open to one guilty of negligence until his negligence has ceased, and after it has ceased the defendant being aware of his peril has failed to do something to avert the disaster that it is within his power to do.

The trial court was accordingly right in holding that the plaintiff had not made a case for the jury under the doctrine referred to.

Middleton, PJ, and Farr, J, concur.